IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CR-26-1H
No. 2:16-CV-83-H

NICKO RONDAY SMITH,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [DE #93], petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #89]. Petitioner has filed a response, [DE #95], and this matter is ripe for adjudication. Also before the court is petitioner's motion to correct and modify judgment, [DE #77].

## BACKGROUND

On April 8, 2014, petitioner pled guilty, pursuant to a written plea agreement, to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). On March 11, 2015, this court sentenced petitioner to a term of imprisonment of 168 months, a sentence at the bottom of his guideline range established at sentencing.[1] Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed his appeal on December 2, 2015. On December 2, 2016,

---

[1] The presentence report ("PSR") calculated the guideline range as 324 to 405 months. However, the statutorily authorized maximum sentence of 20 years adjusted the guideline term of imprisonment to 240 months. [DE #64 at ¶ 75]. Defendant objected at the sentencing hearing and the parties agreed to a drug quantity resulting in a guideline range of 168 to 210 months.

petitioner filed the instant motion to vacate, raising three claims of ineffective assistance of counsel. First, he argues counsel was ineffective for failure to communicate the consequences of a guilty plea; failure to conduct an adequate pretrial investigation; and failure to negotiate a favorable plea agreement. Second, petitioner argues counsel was ineffective for failure to discuss the PSR with him; failure to file PSR objections; and failing to object to the sentence as unreasonable. Third, petitioner argues counsel was ineffective by not communicating with him regarding an appeal; by not permitting him to participate in his appeal; and by not raising issues that petitioner felt were strongest on appeal.

**COURT'S DISCUSSION**

**I. Ineffective Assistance of Counsel ("IAC") Claims**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too

easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court has carefully reviewed petitioner's motion, the government's motion to dismiss and supporting memorandum, and petitioner's response to the government's motion. The court finds the government's motion and memorandum are well reasoned and proper in this matter. For the reasons stated in the government's memorandum, the court finds petitioner has failed to state a claim upon which relief may be granted, specifically that he has failed to state a claim for ineffective assistance of counsel. Therefore, the § 2255 motion fails.

## II. Petitioner's Motion to Correct and Modify Judgment, [DE #77]

Petitioner contends the judgment entered by this court, [DE #68], should be modified because the state court order requiring petitioner to pay child support has been stayed pending petitioner's release from incarceration. Considering the state court order is stayed and not satisfied in full, the court finds

3

no reason to alter the judgment. Therefore, petitioner's motion to correct and modify the judgment is hereby DENIED.

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #93], is GRANTED. Petitioner's motion, [DE #89], is DISMISSED. The court further orders petitioner's motion to correct and modify judgment, [DE #77], is hereby DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 16th day of January 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

4